**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DANNI WINTER,

Plaintiff,

v.

Case No. 1:25-cv-00511-MIS-DLM

CITY OF ALBUQUERQUE, DIEGO TENA, VINCENT PADILLA, ROBERT COLLINS, CHRISTIAN MOORE, JOHN ULIBARRI, MARIBEL MOLINA, and C. GONZALES #7585,

Defendants.

**ORDER GRANTING DEFENDANT CITY OF ALBUQUERQUE'S MOTION TO DISMISS COUNT I OF THE PLAINTIFF'S COMPLAINT AGAINST IT**

THIS MATTER is before the Court on Defendant City of Albuquerque ("the City")'s Motion to Dismiss Count I of Plaintiff's Complaint Against It ("Motion"), ECF No. 18, filed October 6, 2025. Plaintiff Danni Winter filed a Response on October 20, 2025 ("Response"), ECF No. 23, to which the City filed a Reply on October 27, 2025 ("Reply"), ECF No. 25. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Motion.

## I. Background

Plaintiff's home in Albuquerque was damaged in a fire that occurred in 2020. See Am. Compl. ¶¶ 11-13, ECF No. 1-1. Since the date of the fire, Plaintiff has continued making repairs to her property through insurance proceeds. Id. ¶ 14.

On May 26, 2022, Defendant John Ulibarri, Code Enforcement Personnel employed by the City, posted a notice and order on Plaintiff's home claiming that the home was substandard and unsafe for occupancy because "[t]he dwelling currently does not have any gas or water service."

Id. ¶¶ 7, 15-16. Defendant Ulibarri ordered that Plaintiff not return to her property. Id. ¶ 17. Defendant Ulibarri did not secure a warrant to inspect, seize, or search the home. Id. ¶ 18.

On July 18, 2022, Defendant Robert Collins, Code Enforcement Personnel employed by the City, searched and/or inspected Plaintiff's home without a warrant. Id. ¶¶ 6, 21-22.

In November 2023, Defendants Maribel Molina and C. Gonzales, officers employed by the City of Albuquerque Police Department, entered and searched Plaintiff's property without a warrant or the presence of exigent circumstances. Id. ¶¶ 8-9, 25.

"Despite the fact that the home is safe for Plaintiff to occupy and to make continued repairs," Defendants Diego Tena and Vincent Padilla, officers employed by the City of Albuquerque Police Department, "detained and charged Plaintiff with trespass for being at her property[.]" Id. ¶¶ 3-4, 30. On August 21, 2024, Officer Tena cited Plaintiff for trespassing on her own property, and filed the citation in Bernalillo Metropolitan court. Id. ¶¶ 31-32. Those charges were later dismissed. Id. ¶ 33.

On October 25, 2024, officers with the City of Albuquerque Code Enforcement Division and Albuquerque Police Department searched Plaintiffs' house without a warrant and without the presence of exigent circumstances, seizing property therein. Id. ¶ 35.

Defendant Christian Moore, who is a senior Code Enforcement Officer with the City of Albuquerque, has continued to restrain Plaintiff from accessing her property by authorizing, supervising, and training Defendants Collins and Ulibarri in continuing to deprive Plaintiff with access to her property. Id. ¶ 46.

The Amended Complaint alleges that in Lowery v. City of Albuquerque, the City entered into a federal settlement agreement "in which they agreed to enjoying [sic] themselves from 'summarily evict[ing] residents or 'red tag[ging]' homes except upon probable cause that an

immediately threatening condition exists on the property or home.'" Id. ¶ 41 (quoting Lowery v. City of Albuquerque, Case No. 1:09-cv-00457-JB-SMV, 2011 WL 1336670, at *23 (D.N.M. Mar. 31, 2011)). It further allege that in a separate case, United States District Judge Martha Vazquez "restrained Defendant City from violating residents' civil rights through the unlawful interference with property rights in factual circumstances similar to those complained of" in the Amended Complaint. Id. ¶ 43 (citing Torres v. City of Albuquerque, Case No. 1:17-cv-00754, ECF No. 32 (D.N.M. Sep. 18, 2017)).

On May 21, 2025, Plaintiff filed the operative Amended Complaint against Defendants in New Mexico state court. See Am. Compl. at 1, ECF No. 1-1. As relevant here, Count I of the Amended Complaint asserts a Fourth Amendment violation for unreasonable seizure of Plaintiff's home against the City, Tena, Padilla, Ulibarri, Collins, Molina, Moore, and Gonzales. Id. ¶¶ 51-69. Count X of the Amended Complaint asserts a Monell[1] claim against the City, alleging that

> Plaintiffs' injuries were caused by the policies, practices, and/or customs of the Albuquerque Police Department, in that employees and agents of the Albuquerque Police Department and City of Albuquerque Code Enforcement by searching and seizing individuals homes without probable cause or a showing "emergency, or immediate or imminent threat to life or safety," which would justify a search or seizure without a warrant.

Id. ¶ 203.

On May 30, 2025, the City—the only Defendant that had been served to that point—removed the case to this Court. Notice of Removal, ECF No. 1. On June 5, 2025, this case was assigned to then-United States District Judge James O. Browning. ECF No. 8.

On June 6, 2025, the City filed an Answer to Plaintiff's Amended Complaint. ECF No. 9.

---

1 See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).

On October 6, 2025, the City filed the instant Motion to Dismiss Count I (to the extent it is asserted against the City).[2] ECF No. 18. Plaintiff filed a Response, ECF No. 23, to which the City filed a Reply, ECF No. 25.

On October 30, 2025, Judge Browning held a hearing on the Motion. See Clerk's Mins. for Oct. 30, 2025 Hr'g, ECF No. 29.

On September 2, 2026, the case was reassigned to the Undersigned United States District Judge. ECF No. 53.

## II. Legal Standard

"After the pleadings are closed[3]—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." Atl. Richfield Co. v. Farm Cred. Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard

[2] As more fully explained in Section III, infra, a motion to dismiss filed after an answer is procedurally improper. Consequently, the Court construes the motion as one for judgment on the pleadings.

[3] "[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made." Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005) (citations omitted). See also Luman v. Balbach Transp. Inc., No. 2:20-CV-00200-WJ/CG, 2020 WL 6392765, at *3 (D.N.M. Nov. 2, 2020); Tapp v. Wash. Metro. Area Transit Auth., 306 F. Supp. 3d 383, 391 (D.D.C. 2016) (Brown Jackson, J.); McGuigan v. Conte, 629 F. Supp. 2d 76, 80 (D. Mass. 2009).

does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." Id. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021).

## III. Discussion

Initially, the Court finds that the City's Motion to Dismiss Count I is procedurally improper. See Est. of Stevens ex rel. Collins v. Bd. of Comm'rs of Cnty. of San Juan, 53 F. Supp. 3d 1368, 1371 (D.N.M. 2014). A Rule 12(b)(6) motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). That is, a Rule 12(b)(6) motion to dismiss must be filed, if at all, "before filing an answer." Est. of Stevens, 53 F. Supp. 3d at 1371-72; see also Swearingen v. Honeywell, Inc., 189 F. Supp. 2d 1189, 1193 (D. Kan. 2002) ("Technically, it is impermissible under the Federal Rules to submit an answer and thereafter file a Rule 12(b)(6) motion to dismiss.").

However, because parties are permitted to assert a failure-to-state-a-claim defense in a Rule 12(c) motion for judgment on the pleadings after the pleadings have closed, and because Rule 12(c) motions are reviewed under the same standards as Rule 12(b)(6) motions, "courts will routinely convert an untimely motion to dismiss for failure to state a claim into a motion for judgment on the pleadings." Est. of Stevens, 53 F. Supp. 3d at 1372 (citations omitted); see also Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 n.2 (10th Cir. 2002) (stating that a motion to dismiss filed after the answer "should generally be treated as a motion for judgment on the

pleadings"); Gilliam v. USD No. 244 Sch. Dist., 397 F. Supp. 2d 1282, 1284 (D. Kan. 2005) ("The court will construe these [motions to dismiss] as motions for judgment on the pleadings because they were filed after defendants filed their answers to plaintiff's complaint."). Here, the Court finds that construing the Motion to Dismiss as one for judgment on the pleadings is appropriate because the City asserted the failure-to-state-a-claim defense in its Answer. See ECF No. 9 at 13.

Turning to the Motion, the City argues that Count I fails to state a viable Fourth Amendment claim against it. Mot. at 2-4. It argues that it cannot be held vicariously liable for the actions of its employees, and Count I fails to state a Monell claim because it contains no allegations from which it could be inferred that a municipal policy or custom caused the alleged Fourth Amendment violation. Id. at 3-4. Rather, it contains collective allegations which are insufficient to state a Fourth Amendment Monell claim. Id.

Plaintiff appears to argue—confusingly—that Count I states a Monell claim against the City because Count X states a Monell claim against the City. Resp. at 3-4. She further argues that the Amended Complaint's "Factual Background" section makes clear exactly who is alleged to have done what to whom, and therefore Count I should not be dismissed for containing collective allegations. Id. at 4. Finally, she argues—again, confusingly—that even if Count I contains collective allegations against Defendants, it still states a Monell claim against the City in Count X. Id. at 5.

Under Monell v. Department of Social Services, 436 U.S. 658, 690 (1978), "a plaintiff may sue local governing bodies directly for constitutional violations pursuant to the body's policies." Lucas v. Turn Key Health Clinics, LLC, 58 F.4th 1127, 1144 (10th Cir. 2023). "A municipality cannot, however, be held liable for the actions of its employees under the theory of respondeat superior." Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000). "Instead, it must be shown

that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." Id.

"To state a claim against a municipal entity, a plaintiff must allege facts showing (1) an official policy or custom, (2) causation, and (3) deliberate indifference." Lucas, 58 F.4th at 1144 (citation omitted). All of the following constitute an official policy:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

Id. (quoting Crowson v. Washington County, 983 F.3d 1166, 1184 (10th Cir. 2020)). Collective allegations against "defendants" are insufficient. See Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013) ("When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights."). When a complaint asserts allegations against several government actors, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008).

Initially, Count I contains only collective allegations against "Defendants." See Am. Compl. ¶¶ 53-55, 58-59. However, the Amended Complaint's "Factual Background" section—

which is incorporated into Count I, id. ¶ 51—sufficiently alleges exactly who is alleged to have done what to whom. See id. ¶¶ 11-50. Therefore, the Court finds that Count I is not subject to dismissal for containing collective allegations.

However, to the extent Count I can be construed to allege a Monell claim against the City, the Court finds it should be dismissed as duplicative of Count X. Count I alleges an unconstitutional seizure against all Defendants. Id. ¶¶ 51-69. Count X asserts a Monell claim alleging an unconstitutional search and seizure against the City based on the same underlying conduct as Count I. Id. ¶¶ 202-03. The Court finds that to the extent Count I can be construed as a Monell claim against the City, it is redundant, confusing, and unnecessary because Count X explicitly alleges a Monell claim against the City. Cf. Buck v. City of Albuquerque, Civ. No. 04-1000 JP/DJS, 2006 WL 8443817, at *3 (D.N.M. Aug. 8, 2006) (dismissing claims against individual defendants in their official capacities as "redundant, confusing, and unnecessary, because they are the same claims as those brought against the City").

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that Defendant City of Albuquerque's Motion to Dismiss Count I of Plaintiff's Complaint Against It, ECF No. 18, is **GRANTED**, and Count I is **DISMISSED** to the extent it asserts a claim against the City.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE