**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**DANNI WINTER,**

Plaintiff

v. No. 1:25-cv-0511 MIS/DLM

**CITY OF ALBUQUERQUE, DIEGO TENA, VINCENT PADILLA, ROBERT COLLINS, CHRISTIAN MOORE, JOHN ULIBARRI, and C. GONZALES #7585**,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants' Opposed Motion for Stay of Discovery. (Doc. 62.) For the reasons outlined in this opinion, the Court **GRANTS** Defendants' motion and **STAYS** discovery in this matter pending a decision on qualified immunity.

## I. Background

On May 21, 2025, Plaintiff Danni Winter filed this lawsuit in the Second Judicial District Court, Bernalillo County, State of New Mexico, bringing federal and state claims against Defendants the City of Albuquerque, Diego Tena, Vincent Padilla, Robert Collins, Christian Moore, John Ulibarri, and C. Gonzales #7585. (*See* Doc. 1-1.) Winter's claims stem from City Code Enforcement orders concerning Winter's house after a house fire. (*See id.* ¶¶ 11–50.) The City of Albuquerque removed the lawsuit to this Court on the basis of federal question jurisdiction on May 30, 2025. (Doc. 1 at 1.)

On June 3, 2026, Defendants filed a motion for summary judgment, arguing in relevant part that the individual Defendants are entitled to qualified immunity. (*See* Doc. 48.) Winter responded in opposition to that motion on July 1, 2026. (Doc. 50.) On October 29, 2026, the Court

held a Rule 16 Scheduling Conference and entered a Scheduling Order. (Docs. 59–60.) On November 3, 2026, Defendants filed their Motion to Stay Discovery. (Doc. 62.) Winter argues that limited discovery is required to resolve the qualified immunity issue. (*See* Doc. 64.)

## II. Legal Standards

The Court enjoys "broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *Saenz v. Lovington Mun. Sch. Dist.*, No. 2:14-cv-1005 JB/SMV, 2015 WL 1906140, at *9 (D.N.M. Apr. 6, 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). The Tenth Circuit recognizes the Court's discretion to stay lawsuits pending rulings on motions for qualified immunity. *See id.* (discussing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir. 1994)). In fact, the "[s]tandard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised." *Est. of Mirabal v. Wexford Health Sources, Inc.*, No. 2:24-cv-0146 JCH/KRS, 2024 WL 1376810, at *1 (D.N.M. Apr. 1, 2024) (quoting *Higgins v. Saavedra*, No. 1:17-cv-0234 WPL/LF, 2017 WL 1437317, at *1 (D.N.M. Apr. 21, 2017)). "This is because '[q]ualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability[.]'" *Id.* (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)). "Thus, in general, when a defendant asserts the defense of qualified immunity, the district court should stay discovery until the immunity issue is resolved." *Id.* (citing *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)).

## III. Analysis

Defendants ask the Court to stay discovery pending a decision on qualified immunity. (*See* Doc. 62.) Winter opposes the motion on the basis that limited discovery is necessary to determine a discrete factual issue for qualified immunity purposes. (*See* Doc. 64.) Yet Winter filed her

response brief to Defendants' motion for summary judgment over four months ago, and she did not move for limited discovery under Federal Rule of Civil Procedure 56(d). (*See* Doc. 50.) Moreover, Winter's response brief is not styled as a motion, nor does she include an affidavit as required under the rule. *See, e.g.*, *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (noting that "[a] prerequisite to granting relief [under Rule 56(d)] is an affidavit" containing specific information) (quotation omitted). For this reason alone, Winter's argument fails.

The Tenth Circuit recognizes district courts' discretion in determining whether to allow or deny discovery, as well as the basic tenet "that qualified immunity is an important protection against subjecting government officials 'either to the costs of trial or to the burdens of broad-reaching discovery . . . .'" *See Cole*, 43 F.3d at 1387 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (subsequent citations omitted). It is this district's "standard practice" to grant a stay of discovery "as to all defendants" when any one defendant raises a qualified immunity defense. *See Higgins*, 2017 WL 1437317, at *1 (citing *Workman*, 958 F.2d at 336; *Herrera v. Santa Fe Pub. Schs.*, No. 1:11-cv-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012)). "The Court sees no reason to depart from [that] general rule" and will grant a stay of discovery pending a decision on qualified immunity. *See Encinias v. Sanders*, No. 1:20-cv-1005 WJ/SCY, 2021 WL 1634406, at *2 (D.N.M. Apr. 27, 2021).

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion for Stay of Discovery (Doc. 62) is **GRANTED** and discovery in this lawsuit is **STAYED** pending a decision on qualified immunity.

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE